IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANZELLE OWENS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:21-CV-024-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Danzelle Owens, a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed on exhaustion grounds.

## I. BACKGROUND

Petitioner has been indicted and is awaiting trial in Tarrant County, Texas, for evading arrest with a vehicle in Case No.1621559; aggravated assault with a deadly weapon in Case No. 1628885; unlawful possession of a firearm in Case No. 1628887; and aggravated robbery with a deadly weapon in Case Nos. 1639409, 1639411, 1639412, 1639413, and 1639415. Resp't's Mot. to Dismiss Exs. 1–9, ECF No. 9. A Tarrant County inmate search also indicates that Petitioner is confined on pending criminal charges for manufacturing and delivery of a controlled substance. TARRANT COUNTY INMATE SEARCH, https://inmatesearch.tarrantcounty.com (last visited June 2, 2021).

In this federal petition, Petitioner raises four grounds for relief in which he claims that

(1)     he has been denied his 6th Amendment right to a speedy trial (grounds one and

       three);

(2)       his right to due process has been violated because he has not attended court during his incarceration (ground two); and

(3)       the trial court has refused to set bond in his evading-arrest case (ground four).[1]

Pet. 5–6, ECF No. 6.

## II. RESPONSE TO PETITION

Respondent has filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure "to state a claim upon which relief can be granted." Resp't's Mot. to Dismiss 3, ECF No. 9. The Fifth Circuit has determined that such a motion is an "inappropriate practice in habeas" cases. *Odom v. West,* 174 F.3d 198, 198 (5th Cir. 1999); *Miramontes v. Driver,* 243 Fed. App'x 855, 856, 2007 WL 2110933, at *1 (5th Cir. July 23, 2007) (citing *Browder v. Dir., Dep't of Corrections of Ill.,* 434 U.S. 257, 269 n.14 (1978)). *See also Ndudzi v. Castro,* No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *3 n.4 (W.D. Tex. June 18, 2020) (collecting cases). The Court will therefore **DENY** the motion to dismiss to the extent it is premised on Rule 12(b)(6).

## III. DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816

---

[1] The Tarrant County inmate search also indicates that bond has since been set at $5,000 in that case.

F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). In order to exhaust, a petitioner must submit the factual and legal basis of his claims to the highest state court in a procedurally correct manner. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner, as a pretrial detainee confined after felony indictments, may present his claims in an application(s) for writ of habeas corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). If the trial court denies habeas relief under article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne,* 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

Although Respondent provides documentary proof that Petitioner has filed one or more pro se letters and/or motions for speedy trial in each case, there is no right under state or federal law to hybrid representation. Resp't's Mot. to Dismiss Exs. 1–8, ECF No. 9; *United States v. Mikolajczyk,*

3

137 F.3d 237, 246 (5th Cir. 1998) (providing defendant has right to represent himself, or to receive competent representation from an attorney, but not both). Therefore, the trial court is not required to rule on Petitioner's pro se motions or act on his letters. And, although it appears that Petitioner has filed a pro se petition for writ of habeas corpus in at least one case, it apparently remains pending in the trial court at this time. Resp't's Mot. to Dismiss Ex. 10, ECF No. 9. Thus, the state's highest court has not yet been afforded a fair opportunity to consider and rule on the merits of his claims. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will, abstain from considering Petitioner's claims out of deference to the state courts.

In summary, Petitioner has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this time. Petitioner must first pursue his state habeas-corpus remedies through completion before seeking relief under § 2241. Accordingly, dismissal of this petition for lack of exhaustion is appropriate so that Petitioner can fully exhaust his state-court remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice for failure to exhaust state-court remedies.

Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of June, 2021.

_Reed O'Connor_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**